**UNITED STATES of America**

v.

**Abraham COHEN, Defendant.**

United States District Court
S. D. New York.
July 13, 1964.

Robert M. Morgenthau, U. S. Atty., for the United States, Peter K. Leisure, Asst. U. S. Atty., of counsel.

John Kuttas and Jack G. Lieberman, New York City, of counsel, for defendant.

WYATT, District Judge.

This is a motion by defendant Abraham Cohen for an order (1) restraining the "complainant" (which literally would be the government, but presumably it is the United States Attorney who is meant) "from making or sending any correspondence to the petitioner's clients concerning their income tax returns", (2) "compelling the complainant to return the records * * * forthwith", and (3) for such other and further relief as may be just. The motion is said to be made under Fed.R.Crim.P. 41(e).

Apparently there has been no indictment of Cohen, nor any information filed against him. This motion is therefore made in a proceeding commenced by the filing of a petition in this Court on April 13, 1964. Such a procedure may certainly be followed under Fed.R.Crim.P. 41(e) because one may be a "person aggrieved" before indictment returned or information filed. Austin v. United States, 297 F.2d 356 (4th Cir. 1961). See also DiBella v. United States, 369 U.S. 121, 82 S.Ct. 654, 7 L.Ed.2d 614 (1962).

 It is concluded, however, that neither under Rule 41(e) nor otherwise may this Court summarily enjoin the United States Attorney from conducting correspondence, whether about income taxes or anything else. This Court has no general supervisory powers over the United States Attorney; he is a public official having independent responsibilities as such. The motion is denied therefore so far as it seeks to enjoin correspondence of the United States Attorney.

The motion will be entertained as one to suppress for use as evidence and for the return of property claimed to have been seized illegally.

When the motion was first made, the government filed an opposing affidavit requesting an evidentiary hearing. Apparently Judge Feinberg suggested in granting an adjournment of the motion that the government file further affidavits (which has been done) and that the motion might be decided on affidavits. Additional affidavits have been filed for movant and after a study of them, there does not appear to be a sufficient factual conflict to require any hearing.

On March 30, 1964 a complaint was sworn to before the Commissioner charging movant with having knowingly advised Benjamin B. Herbert (an undercover agent) in the preparation of a fraudulent individual income tax return for the year 1963 by knowingly overstating the deductions to which Herbert was entitled. 26 U.S.C. §§ 7206(2).

It appears that Cohen is a licensed accountant and real estate broker. He has been for some years engaged in the business, among other things, of advising in the preparation of income tax returns.

The office of Cohen is in the back part of a candy and stationery store at 2161 Eighth Avenue in New York. This store is one large rectangular room on one level, the street level. Cohen occupies what seems to be the back third of the floor area. There is no wall separating Cohen's space from the store area but there are waist or shoulder height partitions on each side of an open passage through which entry may be had to the Cohen space. The business guests of Cohen may freely pass from the store to his office space. Charles Rahn shares the office space in the back of the store; Mr. Rahn seems to be in generally the same sort of business as Mr. Cohen, but they are apparently independent of one another.

In the office space are desks, filing cabinets, telephones, chairs, etc.

On the filing of the complaint, the Commissioner issued a warrant for the arrest of Cohen.

On April 1, 1964 four special agents of the Intelligence Division, Internal Revenue Service, went with a New York City police officer to Cohen's office space at 2161 Eighth Avenue. Special Agent Wolff placed Cohen under arrest and then instructed the other agents "to search

and seize any income tax returns (originals and duplicates) and any other records or paraphernalia relative to the preparation of income tax returns". The material seized, according to Mr. Wolff's affidavit, was as follows:

(1) "miscellaneous duplicate copies of tax returns";

(2) "original and duplicate copies of 1961, 1962, and 1963 tax returns";

(3) "a cash book";

(4) "a telephone directory";

(5) "a name plate identifying the defendant"; and

(6) "two wall signs".

There was no search warrant and some of the material seized belonged to Mr. Rahn.

This motion was brought on by an order to show cause signed by Judge Weinfeld. There was a hearing before Judge Weinfeld and, although the minutes of that hearing have not been made available, apparently either on consent of the government or by order of Judge Weinfeld, the papers of Mr. Rahn were returned to him and the original 1963 returns of the clients of Mr. Cohen have been returned.

It seems entirely clear that the search as here conducted was unreasonable.

■ The *search*, to be lawful, could only be for (1) weapons by which an escape might be effected, (2) the fruits of the crime, such as stolen property, and (3) the means by which *the* crime for which the arrest was made was committed. Harris v. United States, 331 U.S. 145, 67 S.Ct. 1098, 91 L.Ed. 1399 (1947); Agnello v. United States, 269 U.S. 20, 30, 46 S.Ct. 4, 70 L.Ed. 145 (1925).

Under the circumstances here, the only lawful search could be for the means. But "means" with reference to search (as opposed to seizure) refers clearly to the means by which *the* offense then charged was committed, not some other offense. The following from Agnello (269 U.S. at 30, 46 S.Ct. 4, 70 L.Ed. 145)

was quoted with approval in Harris (331 U.S. at 151, 67 S.Ct. at 1101):

"The right without a search warrant contemporaneously to search persons lawfully arrested while committing crime and to search the place where the arrest is made in order to find and seize things connected with *the* crime as its fruits or as the means by which *it* was committed, as well as weapons and other things to effect an escape from custody is not to be doubted." (Emphasis supplied)

It should be noted that Harris was a 5–4 decision and that Mr. Justice Frankfurter was passionate in dissent. His dissent recognized the basic assumption of the majority, as just noted (331 U.S. at 164, 67 S.Ct. at 1108):

"It is also assumed that because the search was allegedly for instruments of *the* [emphasis supplied] crime for which Harris was arrested it was ipso facto justified as an incident of the arrest."

■ The crime charged in the complaint here was simple and specific—advising one Herbert to file a fraudulent 1963 tax return with overstatement of deductions. The means for committing this offense might include the tax return of Herbert, copies and drafts thereof, memoranda and letters to or from Herbert dealing with deductions, etc. Certainly the wide ranging search for material wholly unconnected with Herbert was unreasonable.

The search being unreasonable, the seizures were necessarily unreasonable and the material must be suppressed as fruit of unconstitutional action. Abel v. United States, 362 U.S. 217, 234, 80 S.Ct. 683, 4 L.Ed.2d 668 (1960).

■ But even though the search were reasonable here, the seizure would still be unreasonable.

■ If during a lawful search, documents are found (a) which it is illegal to possess (such as counterfeit notes) or (b) which are the means of committing

*a* crime (whether that then charged or not), then such documents may be lawfully seized. Abel v. United States, above, at 238, 80 S.Ct. 683, and in the Court of Appeals, 258 F.2d at 496–497; Harris v. United States, above, 331 U.S. at 154, 67 S.Ct. 1098.

The documents and things taken here are not shown to have been the means by which *any* crime was or could be committed, and it is not suggested that their mere possession by Cohen was unlawful, as in the case of contraband.

United States v. Sorenson, 330 F.2d 1018 (2d Cir. 1964), cited for the government, sustained the seizure of a narcotic drug during a search for a weapon; it was, of course, unlawful to possess the narcotic drug, which was contraband.

For the reasons indicated, the Court is constrained to grant the motion under Fed.R.Civ.P. 41(e).

The property of Abraham Cohen seized on April 1, 1964 at 2161 Eighth Avenue is directed to be returned to him and it is suppressed for use as evidence.

So ordered.